IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>Plaintiff,<br><br>v.<br><br>CHERYL INNISS-BURTON,<br><br>Defendant. | No.  2:19-CV-1862-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for injunctive relief, ECF No. 22.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff seeks a temporary restraining order against Correctional Officer F. Mohmand "for her deliberate act of confiscating all of Plaintiff's documents pertaining to this case." ECF No. 22, pg. 2. The Court finds that injunctive relief is not appropriate because Correctional Officer F. Mohmand is not a party to this action. See Zenith Radio Corp., 395 U.S. at 112. Additionally, Plaintiff has not identified any irreparable injury he is likely to suffer in the absence of a court order. To the extent Plaintiff claims he is experiencing retaliation in the form of confiscation of his legal materials, he has a remedy at law in the form of an action against Officer Mohmand. To the extent Plaintiff claims a wrongful deprivation of his property, he also has remedies at law in the form of a tort claim with the State of California.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 22, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE