1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHELDON RAY NEWSOME,

Plaintiff,

v.

CHERYL INNISS-BURTON,

Defendant.

Case No.  2:19-cv-01862-JAM-DMC-P

FINDINGS AND RECOMMENDATION

18   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for summary judgment,[1] ECF

20   No. 37, motion to preclude expert witness testimony, ECF No. 49, motion for injunctive relief,[2]

21
22

---

23   [1] Plaintiff's motion is styled as a motion for judgment on the pleadings.  ECF No. 37.
     Notwithstanding its title, it is clear that Plaintiff's motion—which is accompanied by a separate
24   statement of undisputed facts and several exhibits—seeks summary judgment under Rule 56.
     Accordingly, the Court construes the motion as a motion for summary judgment.  See F. R. Civ.
25   Pro. 12(C)
26   [2] That motion, which Plaintiff styles as a motion to compel, seeks an order requiring
     prison staff, who are not parties to this action, to return his property.  Because Plaintiff has not
27   address any of the Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 14 (2008) factors, and
     because the Court recommends granting Defendant's motion for summary judgment, the Court
28   also recommends denying this motion.

1

ECF No. 53, and Defendant's motion for summary judgment, ECF No. 46.  Plaintiff alleges that Defendant violated the Eighth Amendment by delaying treatment to an injury to his left arm.

Defendant argues she is entitled to summary judgment because there is no evidence that she was deliberately indifferent to Plaintiff's serious medical needs and, in the alternative, that she is entitled to qualified immunity.  ECF No. 46.  The undersigned agrees with Defendant and recommends granting her motion for summary judgment.

## I.  BACKGROUND

At around 6 a.m. on June 15, 2018, Plaintiff approached Defendant nurse Inniss-Burton and told her that he was experiencing extreme pain in his left arm.  Id. at 5.  Defendant asked him why it hurt, and he told her that he had fallen a few days prior, to which she responded, "[i]f you didn't report it then, it's too late, you look fine to me!"  Id.  Defendant left without examining Plaintiff.  Id.  Later that day, around 8:00 p.m., Plaintiff went to the medical clinic seeking treatment for his arm.  Id. at 5-6.  There, a different nurse examined him and noted that his left forearm was swollen, red, and warm to the touch.  ECF No. 46-4 at 41.  The nurse noted the following during in Plaintiff's medical record: (1) he denied having chest pain, shortness of breath, chills, nausea, vomiting, and pain; (2) he had a two-millimeter scab on his left forearm, but there was no discharge; (3) his extremities had a good range of motion; and (4) he did not complain of pain.  Id.  The nurse determined that Plaintiff needed to see a doctor and took him to Dr. Haile.  Id.  Dr. Halie authorized Plaintiff's transfer to Mercy San Juan Hospital ("MSJH") for further evaluation.  Id.  At the hospital, Plaintiff received a CT scan of his upper left extremities and an x-ray of his left forearm.  Id. at 22.  The scans showed Plaintiff had proximal left arm cellulitis (an infection), which was incised and drained.  Id.  Plaintiff was discharged three days later, and his medical record noted that he was doing well.  Id.

/ / /

/ / /

/ / /

## II.  STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

> Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than

simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251.

### III.  DISUCSSION

Plaintiff alleges one claim of deliberate indifference against Defendant.  ECF No. 1.  Defendant does not dispute that Plaintiff's condition was medically serious but asserts that any delay in treatment did not cause him further injury.  ECF No. 46-1 at 11.  The Court agrees with Defendant and recommends granting her motion for summary judgment and denying his motion.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

(1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. Cnty. of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The complete denial of medical attention may constitute deliberate indifference.  See Toussaint, 801 F.2d at 1111.  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Generally, "delay in providing a prisoner" with medical care, "standing alone, does not constitute an eighth amendment violation."  Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  Further, a medical delay must be led to further injury to support an Eighth Amendment claim.  See Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (citation omitted); see also McGuckin, 974 F.2d at 1060.

Plaintiff argues that Defendant failed to treat him in violation of the Eighth Amendment.  Yet deliberate indifference entails more than mere negligence.  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (holding that negligently diagnosing or treating a medical condition does not give rise to a claim under the Eighth Amendment).  The record, viewed in the light most favorable to Plaintiff, shows that he told Defendant he was in pain, showed her his red, swollen arm, and she refused to treat him.  There is no evidence that Defendant sent him away knowing that he was at risk of serious injury.  See Cen v. Triesch, No. 1:09-CV-01728-SKO PC, 2010 WL 2823244, at *3 (E.D. Cal. July 16, 2010) (finding Plaintiff's allegation that medical personnel made rude comments and failed to treat him when he presented with a swollen, red, and broken finger was unable to support a claim of deliberate indifference).  The only evidence in the record is that Defendant made an incorrect diagnosis and responded rudely to his request for treatment.  Thus, Plaintiff's claim fails.

To the extent Plaintiff argues that the delay in treatment caused him further injury, that claim also fails.  Defendant experienced, at most, a one-day delay in treatment—he complained of pain around 6:00 a.m. and received medical attention the same day at 8:00 p.m.  Medical expert Dr. Bennett concluded that Defendant could not have prevented the infection in Plaintiff's arm because his arm was already infected when they spoke at 6:00 a.m. [3]  ECF No. 46-4 at 9.  Feinberg also concluded that even if Plaintiff's arm "looked the same at the parties' encounter during the day [at 6:00 a.m.] as it did that evening in the [medical clinic]–swollen, red and hot–the delay in treatment did not cause [Plaintiff] medically greater harm or result in an appreciably different outcome."  Id.  This short delay, without more, fails to demonstrate

---

[3] Plaintiff moves to excludes Bennett Fienberg's declaration.  ECF No. 49.  He argues that Defendant failed to timely disclose Fienberg as an expert witness and that Feinberg cannot provide an expert opinion because he did not treat Plaintiff.  Id. at 1-2.  Because the Court's scheduling order did not set a deadline for expert disclosures, the parties have until 90 days before trial to make their disclosures.  As this matter has not been set for trial and there is no court ordered deadline for disclosure of expert witnesses, there is no basis for excluding Fienberg's declaration.  Plaintiff's second objection, that Fienberg cannot render an expert opinion because he never treated plaintiff, is also without merit.  Accordingly, Plaintiff's motion to exclude should be denied.

deliberate indifference.  <u>See</u> <u>Van Ct. v. Lehman</u>, 137 F. App'x 948, 950 (9th Cir. 2005) (one day delay in receiving pain medication for head injuries and a broken nose suffered in a physical attack did not demonstrate deliberate indifference to a serious medical need); <u>see also</u> <u>Prien v. Smith</u>, No. CV08-465-S-BLW, 2010 WL 76453, at *6 (D. Idaho Jan. 5, 2010), aff'd, 411 F. App'x 982 (9th Cir. 2011) (24 hour delay in having an inmate's hand examined after it was injured in a fall did not manifest deliberate indifference); <u>Martin v. Garza</u>, No. 06 CV 01095 JM, 2007 WL 2288127, at *1, *3 (S.D. Cal. Aug. 7, 2007) (one day delay in treatment of the plaintiff's slip-and-fall injuries to his neck, back, and shoulder did not constitute deliberate indifference because the plaintiff did not allege that the delay was harmful).

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment, ECF No. 46, be granted, and that Plaintiff's motion for summary judgment, ECF No. 37, motion to compel, ECF No. 53, and motion to preclude expert testimony, ECF No. 49, be denied.  Given the absence of a triable issue on Plaintiff's deliberate indifference claim, Defendant's assertion of qualified immunity does not bear evaluation here.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to the objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 16, 2022



DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE