1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    SHELDON RAY NEWSOME,                    No.  2:19-CV-1862-JAM-DMC-P

12              Plaintiff,

13        v.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14    CHERYL INNISS-BURTON,

15              Defendant.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 57, for injunctive

19    relief.

20           The legal principles applicable to requests for injunctive relief, such as a

21    temporary restraining order or preliminary injunction, are well established.  To prevail, the

22    moving party must show that irreparable injury is likely in the absence of an injunction.  <u>See</u>

23    <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res.</u>

24    <u>Def. Council, Inc.</u>, 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

25    standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

26    controlling, or even viable."  <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046,

27    1052 (9th Cir. 2009).  Under <u>Winter</u>, the proper test requires a party to demonstrate: (1) he is

28    likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.   See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, Plaintiff seeks an order requiring unnamed prison officials to return his legal materials and provide him access to the prison law library.  See ECF No. 57.  The Court finds that injunctive relief is not appropriate because: (1) he has not explained how he is likely to suffer irreparable injury absent Court intervention; and (2) for the reasons discussed in the Court's February 16, 2022, findings and recommendations, Plaintiff has not demonstrated a likelihood of success on the merits.  Moreover, Plaintiff does not name the prison officials alleged to be responsible for lack of access to his legal materials or law library.  As such, the Court cannot determine whether such individuals are parties to the lawsuit.  Finally, it appears that Plaintiff's request for injunctive relief has been rendered moot by a subsequent prison transfer.  See ECF No. 58 (notice of change of address).

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 57, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.

/ / /

/ /./

/ / /

/ / /

Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  March 29, 2022

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3